JOHN P. JAMINET v. THE BOARD OF SUPERVISORS OF MONROE COUNTY.

*Justices of the peace—Jurisdiction—Fees.*

There is no statute forbidding action by a justice of the peace without the consent of the prosecuting attorney, when he takes security for costs, and the board of supervisors have no right to assume to criticise his action within his lawful jurisdiction, or to be governed by the prosecuting attorney's views of policy, nor can they refuse to audit the legal fees of the justice for services so rendered.

*Mandamus.* Submitted October 8, 1889. Granted November 1, 1889.

Relator applies for *mandamus* to compel respondents to audit and allow his bill for justice's fees in a criminal prosecution. The facts are stated in the opinion.

*I. R. Grosvenor,* for relator.

*Seward Baker,* Prosecuting Attorney (*C. A. Golden,* of counsel), for respondents.

CAMPBELL, J. Respondents refused to allow the fees of relator in a criminal proceeding before him for disturbance of public worship, in which the respondent was tried and found not guilty, but in which the justice certified there was probable cause for prosecuting. It appears that the justice before issuing the warrant took security for costs.

The supervisors purported to base their action on the ground that the warrant was issued without the approval of the prosecuting attorney, and without security for costs; that the prosecuting attorney disapproved of the prosecution, and the justice proceeded after knowing of such disapproval; and that, in the opinion of the board, it was essentially a private prosecution.

There is no statute brought to our notice forbidding action by a justice of the peace without the consent of the prosecuting attorney, when he takes security for costs, and the board of supervisors have no right to assume to criticise his action within his lawful jurisdiction, or to be governed by the prosecuting attorney's views of policy. His files show the proper recognizance for costs, and must be respected as showing it. It would be very dangerous for the public interests if a judicial officer, acting within his powers, must depend for his compensation on the view that may be taken of the wisdom of his conduct by the board or prosecuting attorney. Every officer must be respected when exercis-

ing his lawful authority, and any interference with it, except such as the law permits, is unjustifiable.

The justice is entitled to his fees, and the *mandamus* must be allowed as prayed, with costs.

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., ·concurred. MORSE, J., did not sit.